1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                      FOR THE DISTRICT OF OREGON

10  In Re:                        )  Bankruptcy Case
                                  )  No. 07-62339-fra11
11  LEWIS EDWARD GRAHAM, II,      )
                                  )
12  _____Debtor.__)  MEMORANDUM OPINION

13

14        Grand Pacific Financing Corp. ("GPFC") filed a motion under §

15  362(j)[1] seeking an order confirming that the automatic stay of § 362(a)

16  has been terminated. At issue is the effect of an order terminating the

17  automatic stay under § 362(c)(3)(A), which provision was added as part of

18  the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

19  GPFC and the Debtor filed memoranda arguing their respective positions. A

20  hearing was held on October 7, 2008, at the conclusion of which, the

21  matter was taken under advisement.

22  // // //

23  // // //

24

25  ───────────────

26        [1] Unless otherwise indicated, all section references are to the
    Bankruptcy Code at 11 U.S.C. §101 *et seq*.

    Page 1 - Memorandum Opinion

<u>BACKGROUND</u>

Debtor filed a chapter 13 bankruptcy case on July 9, 2007 (07-61896-fra13). A creditor filed a motion to dismiss the case on the grounds that Debtor did not qualify for chapter 13 relief pursuant to § 109(e) and that the case was not filed in good faith. Debtor thereafter moved to dismiss and an order of dismissal was entered on July 25, 2007. Debtor filed a second bankruptcy case on August 19, 2007, under chapter 11.

GPFC has filed two proofs of claim in this case: Claim #17 (amended) in the amount of $4,095,524, secured by various real and personal property of the Debtor, and Claim #18 (amended) in the amount of $1,588,872, also secured by real and personal property of the Debtor. The claims are based on personal guarantees made by the Debtor for loans made by GPFC. When Debtor filed bankruptcy, the Debtor's property securing GPFC's loans became property of Debtor's bankruptcy estate.

Because the Debtor's present case was filed within one year of a previous case which was pending during that period but dismissed, extension of the automatic stay beyond a 30-day cutoff date imposed by the Bankruptcy Code required the filing of a motion by a party in interest. § 362(c)(3)(B). Debtor did so on September 5, 2007. At a hearing on September 13, 2007, the Court issued findings from the bench denying Debtor's motion to extend the automatic stay. GPFC has now filed a "Motion for Order Confirming Automatic Stay is Not in Effect" pursuant to § 362(j), seeking a determination that the automatic stay was terminated with respect to property of the Debtor as well property of the bankruptcy estate.

Page 2 - Memorandum Opinion

<u>DISCUSSION</u>

Section 362(c)(3) provides in relevant part:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) **with respect to any action taken** with respect to a debt or property securing such debt or with respect to any lease shall terminate **with respect to the debtor** on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; [Emphasis added].

<u>Actions Subject to Stay Termination</u>

As mentioned previously, the Court declined to extend the automatic stay after notice and a hearing held on September 17, 2007. GPFC urges the Court to adopt the minority position regarding the extent of the stay termination, and rule that § 362(c)(3)(A) terminated the stay in its entirety. *See e.g. In re Curry*, 362 B.R. 394, 400-02 (Bankr. N.D.Ill. 2007), *In re Jupiter*, 344 B.R. 754, 759 (Bankr. D.S.C. 2006). These courts have ruled that the language of § 362(c)(3)(A) is ambiguous, i.e. is capable of more than one interpretation, that legislative history indicates that Congress intended the automatic stay to terminate in its entirety, and that interpreting the statute in this manner is consistent with other provisions added by BAPCPA and with the broader context of the

Page 3 - Memorandum Opinion

statute as a whole.  These courts find that the phrase "with respect to

the debtor," defines not the property for which stay protection is

terminated, but *which* debtor is affected by stay termination.  The

example given is a joint bankruptcy case where only one of the co-debtors

had a case dismissed within the previous year.  *See In re Jupiter* at 759-

60. The automatic stay would remain in place respecting the other co-

debtor.

Debtor, on the other hand, urges the Court to adopt the position

of the majority of courts confronted with this issue which holds that

there is no ambiguity in the statute, and that § 362(c)(3)(A) terminates

the stay with respect to the debtor and property of the debtor, but not

property of the estate.  *See e.g. In re Jumpp*, 356 B.R. 789 (BAP 1st Cir.

2006), *In re Holcomb*, 380 B.R. 813 (BAP 10th Cir. 2008).  As indicated in

*Holcomb*, these courts reason that if Congress meant to terminate the stay

in its entirety, it could have done so in plain language, as it did in §

362(c)(4)(A)(i)[2].

I find that the better approach is the one taken by the majority

of courts that have ruled on this issue, and hold that § 362(c)(3)(A)

terminates the automatic stay with respect to the debtor and property of

the debtor, but leaves the stay in place respecting property of the

estate. In making this holding, I adopt the rationale of the Panel in

[2] This section reads: "if a single or joint case is filed by or
against a debtor who is an individual under this title, and if 2 or more
single or joint cases of the debtor were pending within the previous year
but were dismissed . . . , the stay under subsection (a) shall not go
into effect upon the filing of the later case." This language clearly
refers to the automatic stay in its entirety. *In re Nelson*, 391 B.R. 437,
449 (9th Cir. BAP 2008).

Page 4 - Memorandum Opinion

*Holcomb* in finding that there is no ambiguity in the language of the statute and that reading the statute in accordance with its plain meaning is consistent with the policies of the Bankruptcy Code. *Holcomb* at 816.

<u>"With Respect to Any Action Taken"</u>

Section 362(c)(3)(A) terminates the stay at the end of the 30-day period "with respect to any action taken" regarding a debt or property securing such debt or regarding a lease. In *In re Paschal*,337 B.R. 274 (Bankr. E.D.N.C. 2006), the court compared the term "act" found in sections 362(a)(3), (a)(4), (a)(5), and (a)(6) with the term "action" found in § 362(a)(1), in various subsections of § 362(b) and at § 362(c)(3)(C)(ii). From that comparison, it determined that the term "action," as used in § 362(c)(3)(A) refers to a "formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." Moreover, because the section refers to "action taken," it follows that the action referred to must have occurred pre-petition. *Id.* at 280. That the action must have been taken pre-petition also follows from the fact that an action taken post-petition (i.e. during the 30 days after the petition date when the automatic stay is in effect)would be void *ab initio*. <u>In re Schwartz</u>, 954 F.2d 569 (9th Cir. 1992). The <u>Paschal</u> court concluded that § 362(c)(3)(A) terminates the automatic stay only with regard to an action taken by a party prior to the petition date. <u>Paschal</u> at 280-81. The holding in <u>Paschal</u> is well reasoned and is hereby adopted by this Court.

// // //

// // //

Page 5 - Memorandum Opinion

1

## CONCLUSION

2    Section 362(c)(3)(A) terminates the automatic stay with regard to

3  any action pending on the petition date to the extent the action is

4  limited to the debtor or property of the debtor.  As GPFC did not have

5  any action pending at the time the present case was commenced, it cannot

6  proceed to enforce its lien rights without leave under § 362(d). The

7  Court will enter an order consistent with this Memorandum Opinion.

8

9

10                         FRANK R. ALLEY, III
                           Bankruptcy Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 6 - Memorandum Opinion